FILED
IN OPEN COURT

JUL 13 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:17-CR-55 |
| | ) | |
| v. | ) | The Honorable Anthony J. Trenga |
| | ) | |
| ZIA ZAFAR, | ) | 18 U.S.C. § 1116(a), (c) |
| | ) | (Attempted Murder of Protected Person) |
| Defendant. | ) | 18 U.S.C. § 924(c) |
| | ) | (Discharge Firearm in Crime Violence) |

## STATEMENT OF FACTS

The United States and the defendant, Zia Zafar (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about January 6, 2017, in Guadalajara, Mexico, a location outside the United States, but within the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the Eastern District of Virginia, the defendant did knowingly arm himself with a firearm, wear a wig and sunglasses to disguise his appearance, and follow and shoot Vice Consul Christopher Nolan Ashcraft, an employee of the United States and an internationally protected person, with malice aforethought, willfully, deliberately, maliciously and with premeditation.

2. The defendant waited for the Vice Consul in a parking garage and, after noticing a security guard, changed his location to the vehicle exit ramp where he stood as the Vice Consul drove to exit the garage. The defendant fired a single shot into the vehicle striking the Vice Consul in his chest. The bullet remains lodged in the victim's T10 vertebral body, and metallic shrapnel remains in the right pectoral muscle. The Vice Consul sustained a serious bodily injury from this shooting.

3. The defendant and the Vice Consul did not know one another. The Vice Consul was targeted because the defendant knew from earlier surveillance that he worked at the United States Consulate in Guadalajara, Mexico.

4. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

5. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason, and the defendant was able to appreciate the wrongfulness of his acts.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney


John P. Cronan
Acting Assistant Attorney General

By: _____
Jamie B. Perry
Trial Attorney
U.S. Department of Justice
Human Rights and Special Prosecutions Section

2

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Zia Zafar, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Zia Zafar

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Whitney E.C. Minter, Esq.
Attorney for Zia Zafar

3